## FRANK YOUNGEAGLE v. STATE.

No. A-4913. Opinion Filed June 13, 1925.
(236 Pac. 915.)

Rowe & Besly, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   Plaintiff in error, Frank Youngeagle, was charged, tried, and convicted of the unlawful possession of whisky, with his punishment assessed at confinement in jail for 30 days, and to pay a fine of $50.

The evidence shows that plaintiff in error and other Indians accompanying him, knew where a keg containing whisky was secreted, and that they repaired to this place to drink.   Youngeagle became intoxicated and was lodged in jail on a charge of being drunk.   It seems that while he was in jail and still under the influence of liquor the officers sought to obtain information from the accused as to where he had obtained the whisky.   As an inducement to him to tell, the officers promised him his release if he would furnish them with the desired information.   Youngeagle then stated that he had bought the whisky from a man named Studer, and told where the whisky was hidden.   The officers went out and seized the whisky, and then took the accused to the office of the county attorney, where he verified a complaint against Studer for selling whisky, whereupon the accused was set at liberty in accordance with the promises made by the officers who had him in custody.

At the trial of Studer Youngeagle changed his story, and said he got the whisky from another person, describing

him. By a verdict of a jury Studer was acquitted, and the jury attached to their verdict the following:

"We also recommend that Frank Youngeagle be prosecuted for perjury."

At the trial of Youngeagle, over the objection of his counsel, the state was permitted to introduce in evidence this recommendation made by the jury in the Studer Case. This written recommendation had no tendency to prove any issue in this case. It was an unauthorized attempt to impeach the accused by hearsay evidence, and was not competent for that or any other purpose, and was, of course, highly prejudicial to the defendant.

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.